**Motion Granted in Part and Denied in Part and Order filed April 26, 2021**



In The

# Fourteenth Court of Appeals

_____

NO. 14-21-00197-CV
_____

**TEXAS FUNDING CORPORATION, Appellant**

**V.**

**HARRIS COUNTY, TEXAS AND LINA HIDALGO IN HER OFFICIAL CAPACITY AS COUNTY JUDGE OF HARRIS COUNTY, TEXAS,**
**Appellees**

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-11494**

## ORDER

This is an appeal from an order signed on April 9, 2021 ("the Order"). The Order grants the plea to the jurisdiction of defendants/appellees Harris County and Harris County Judge Lina Hidalgo and dismisses plaintiff/appellant Texas Funding Corp.'s complaint with prejudice.

On Friday, April 23, 2021, appellant filed an emergency motion for temporary relief under Texas Rule of Appellate Procedure 29.3, seeking to "protect[] the status quo." The motion also asks that we expedite our consideration of the appeal. Tex. R. App. P. 38.6(d) (permitting court of appeals to shorten time for filing briefs and for submission of case in the interest of justice).

Appellant stated in its notice of appeal that it is entitled to an interlocutory appeal of the Order under section 54.014(a)(8) of the Civil Practice and Remedies Code,[1] and that subsection 8 permits an appeal of an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4), (8).

The Order is not an interlocutory order. It disposes of all claims and parties, which makes it a final judgment. "A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). Therefore, this appeal is not an interlocutory appeal; it is an appeal from a final judgment.

In an appeal from an interlocutory order, the court of appeals may make any temporary order necessary to preserve the parties' rights until disposition of the appeal. Tex. R. App. P. 29.3. As explained, this is not an appeal from an interlocutory order. Rule 29.3 does not apply.

We deny the request for emergency relief. We grant the request for expedited briefing. Subject to motions to extend time, appellant's brief is due on or before **May**

---

[1] The notice of appeal also cites section 51.014(a)(4), which permits an appeal of an interlocutory order that grants or refuses to grant a temporary injunction, Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). Neither the Order nor any order in the appellate record grants or refuses to grant a temporary injunction. Instead, the record contains orders denying requests for temporary restraining orders. Orders granting or denying requests for temporary restraining orders are not appealable. *See In re Abbott*, 601 S.W.3d 802, 813 (Tex. 2020) (orig. proceeding) (per curiam).

**13, 2021**, and appellees' brief is due within **20 days** of the day appellant's brief is filed.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Poissant.